UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR VALDIVIA, | No. 2:14-cv-2097 TLN KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| S. FRAUENHEIM, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding through appointed counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2012 conviction for ten counts of sexual assault involving two victims. Petitioner was sentenced to 150 years to life in state prison. Petitioner's motion to amend and motion to stay this action are before the court. For the reasons set forth below, the undersigned grants petitioner's motion to amend, and recommends that the motion to stay be granted.

II. Motion to Amend

This action is proceeding on the original petition filed September 10, 2014. Petitioner raised one claim:

> Violation of the Federal Constitution U.S. Const., 14th Amend. And Sixth Amend. Review by this Court Is Necessary to Resolve the Question, Which Implicates Federal Constitutional Rights to a

1

Fair Trial.  To Present a Defense to Confrontation of Accuser and to Due Process of Law under the Sixth and Fourteenth Amendments.

(ECF No. 1 at 5.)

In his proposed amended petition, petitioner raises four claims:

Denial of Sixth and Fourteenth Amendment right to present a defense:

Claim 1:  Trial Court Excluded Evidence of Prior False Accusation by Complaining Witness.

Claim 2:  Trial Court Excluded Evidence of Candelaria Uribe's Invocation of her Fifth Amendment Right Against Self-Incrimination.

(ECF No. 22 at 5.)

Denial of Fifth and Fourteenth Amendment right to Due Process - Prosecutorial Misconduct

Claim 3: Prosecutor Argued to Jury it Must Reach a Verdict Whether it Takes 30 Minutes or 30 Days.

Claim 4: Improper Vouching and Shifting of Burden when Prosecutor Argued to Jury it Could Only Acquit If Jury Determined Government Witnesses Lied.

(ECF No. 22 at 7.)

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within:  (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed, R. Civ. P. 15(a)(1).  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors:  (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party.  Foman v. Davis, 371 U.S. 178, 182 (1962).

Respondent has not yet been served or appeared in this action.  Good cause appearing, petitioner's motion to amend is granted.  This action shall proceed on the first amended petition filed September 2, 2015.  (ECF No. 22.)

////

III. <u>Motion to Stay</u>

Petitioner concedes that only claim one is exhausted; thus, the amended petition is a "mixed" petition, containing both exhausted and unexhausted claims. Petitioner seeks to stay this action to allow him to fully exhaust all of his claims without suffering dismissal of his petition.

Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action. See <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) (staying timely mixed petition); <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition), <u>overruled on other grounds by</u> <u>Robbins v. Carey</u>, 481 F.3d 1143, 1149 (9th Cir. 2007).

First, under <u>Rhines</u>, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Id.</u>, 544 U.S. at 278. The Supreme Court has made clear that this option "should be available only in limited circumstances." <u>Id.</u> at 277. Moreover, a stay that is granted pursuant to <u>Rhines</u> may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. <u>Id.</u> at 277-78.

"Good cause" under <u>Rhines</u> is not clearly defined. The Supreme Court has explained that in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." <u>Rhines</u>, 544 U.S. at 277. The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. <u>Jackson v. Roe</u>, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., <u>Rhines v. Weber</u>, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in <u>Pace</u>, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. <u>Pace v. DiGuglielmo</u>, 544

3

U.S. 408, 416-17 (2005). However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024.

Second, the court may also stay a petition setting forth only exhausted claims, to permit exhaustion of additional claims with the intention that they will be added by amendment following exhaustion. King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063). If the petition currently on file is fully exhausted, petitioner may seek a stay-and-abeyance order to exhaust claims not raised in that federal petition under Kelly. However, the Ninth Circuit has warned that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King, 564 F.3d at 1140-41. Timeliness of the new claims will depend on whether they relate back to the original, timely filed claims. Id., citing Mayle v. Felix, 545 U.S. 644 (2005). A new claim does not "relate back" to the original petition simply because it arises from "the same trial, conviction, or sentence." Id., 545 U.S. at 662-64. Rather, the new claim must be of the same "time and type" as the original exhausted claims, and share a "common core of operative facts" with those claims. Id. at 659. See also Murray v. Schriro, 745 F.3d 984, 1015 (9th Cir. 2014) (a federal court is without jurisdiction to consider federal claims found by state courts to be procedurally barred).[1]

---

[1] As a general rule, any claim found by the state courts to be procedurally defaulted will not be considered in this court:

> The doctrine of procedural default provides that "a federal court will not review the merits of claims, including constitutional claims, which a state court declined to hear because the prisoner failed to abide by a state procedural rule." Martinez v. Ryan, 132 S. Ct. 1309, 1316 (2012). This doctrine is grounded in federalism,

1        Here, petitioner seeks a stay under Rhines, but if the court denies the stay under Rhines,
2   asks the court to grant a stay under Kelly or under the court's inherent authority.  (ECF No. 23 at
3   13.)  Petitioner contends that good cause exists for a Rhines stay because he could not raise the
4   unexhausted claims because he speaks only Spanish, cannot read or write English, and tests at a
5   1.5 grade point level in reading.  During the underlying criminal proceedings, counsel
6   communicated with petitioner solely in Spanish.  Petitioner's pro se petition merely attached a
7   copy of the appellate briefs filed in the California Court of Appeal for the Third District and that
8   court's decision on petitioner's one exhausted claim.  Petitioner contends that like the prisoner in
9   Martinez v. Ryan, petitioner did not have a brief from counsel or a court opinion addressing the
10  unexhausted claims of error to assist him in filing the instant petition.  (ECF No. 23 at 15.)  In
11  addition, presently appointed counsel needed time to obtain and review the trial record, which
12  included 213 pages of clerk's transcripts and 699 pages of reporter's transcripts, as well as 1,000
13  pages of two trial counsel's files and numerous recordings.  (ECF No. 19 at 3.)
14       Further, petitioner contends that the unexhausted claims are not plainly lacking in merit
15  and articulate cognizable constitutional claims supported by relevant legal authority, and that such
16  allegations, if proven true, could entitle petitioner to relief.  Petitioner argues that he did not
17  engage in intentional delay, and that once counsel was appointed, it took time to obtain and
18  review the trial transcripts and trial counsel's file.
19       In Rhines, the Supreme Court did not explain what showing would satisfy the
20  requirement that a habeas petitioner demonstrate "good cause" for a prior failure to exhaust.
21  However, recently, the Ninth Circuit stated that "a reasonable excuse, supported by evidence to
22  justify a petitioner's failure to exhaust," will demonstrate good cause under Rhines.  Blake v.
23  Baker, 745 F.3d 977 (9th Cir. 2014).  In Blake, the Ninth Circuit held that the Rhines standard for

---

25  because federal courts "will not review a question of federal law
    decided by a state court if the decision of that court rests on a state
26  law ground that is independent of the federal question and adequate
    to support the judgment."  Coleman v. Thompson, 501 U.S. 722,
27  726-29 (1991).

28  Murray, 745 F.3d at 1015.

ineffective assistance of counsel-based claims is not any more demanding than the showing of cause under Martinez v. Ryan, 132 S. Ct. 1309 (2012), to excuse state procedural default. Blake, 745 F.3d at 983-84. Previously, the Ninth Circuit opined that "good cause" for failure to exhaust required something less than "extraordinary circumstances." Jackson, 425 F.3d at 662. Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d at 849 (applying the Supreme Court's mandate on remand).

The court finds that petitioner has satisfied the Rhines criteria. Petitioner has shown legitimate reasons that warrant delay of the proceedings while he exhausts his claims in state court. Isayev v. Knipp, 2013 WL 4009192, *3 (E.D. Cal. Aug. 2, 2013), citing see Mendoza v. Carey, 449 F.3d 1065 (9th Cir. 2006) (inability of a habeas petitioner to read English, coupled with a lack of Spanish language legal materials and unavailability of translators constituted "extraordinary circumstances" entitled him to equitable tolling). The Ninth Circuit has held that a federal court may deny an unexhausted claim on the merits only when it is clear that the petitioner does not raise even a colorable federal claim. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). Therefore, if a petitioner states a colorable claim, the claim is not plainly meritless. Here, petitioner's unexhausted claims appear to be at least "colorable," and thus are not plainly meritless under Rhines' second prong. Lugo v. Kirkland, 2006 WL 449130, *4 (N.D. Cal. Feb.22, 2006). Finally, there is no indication that petitioner intentionally engaged in dilatory litigation tactics, and he is diligently pursuing his claims at the present time.

For the reasons discussed above, petitioner's motion to stay under Rhines should be granted. However, petitioner is cautioned that he must not unreasonably delay exhausting his claims in state court.[2]

---

[2] Tolling of the one year statute of limitations period continues during the intervals between a lower court's decision in post-conviction proceedings and the proper filing of a new petition or a notice of appeal in a higher court, so long as the filing is deemed timely under state law. Evans v. Chavis, 546 U.S. 189 (2006); Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (with no adequate justification for 80 and 91 day delay, such delays are unreasonable in California). See also Sok v. Substance Abuse Training Facility, 2011 WL 3648474 (E.D. Cal., Aug. 17, 2011) (collecting cases and noting that "a consensus appears to be emerging in California that any delay

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to amend (ECF No. 21) is granted; this action shall proceed on petitioner's first amended petition (ECF No. 22); and

IT IS RECOMMENDED that:

1. Petitioner's motion to stay (ECF No. 23) be granted, and this action be administratively stayed;

2. Petitioner be ordered to file a motion to lift the stay of this action within thirty days from the date of any order by the California Supreme Court addressing petitioner's habeas petition; and

3. The Clerk of the Court be directed to administratively close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 18, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/vald2097.stay

---

of sixty days or less is per se reasonable, but that any delay 'substantially' longer than sixty days is not reasonable.").